IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

PHILLIP ALEXANDER STEED                                                                PLAINTIFF

v.                                        Case No.:  07-5058

CORPORAL TOMLAN;
LORRIE BIRD, jail nurse;
and HUNTER PETRAY                                                                     DEFENDANTS

REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Phillips Alexander Steed (Plaintiff) filed this *pro se* civil rights action under 42 U.S.C. § 1983 on February 3, 2007.  (Doc. 1).  Plaintiff's Complaint was filed *in forma pauperis* (IFP) and certified to proceed on that same date.  (Docs.  2, 3).  Defendants filed a Court-ordered Motion for Summary Judgment (Doc.  18), which is the issue now before the Court.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), this case is referred to the undersigned by the Honorable Chief Judge Jimm Larry Hendren for the purpose of issuing a report and recommendation on Defendants' Motion for Summary Judgment.  Pursuant to this authority, the Court issues this Report and Recommendation.

**I. Background**

Plaintiff's claims stem from the time he was incarcerated in the Benton County Detention Center.  Plaintiff claims the Defendants failed to protect him because they refused to place him in protective custody, that he was denied proper medical care, that he was held under unconstitutional policies and procedures, and that he was subjected to excessive force by Defendant Tomlin.

As to his claims of Defendants' failure to protect him, Plaintiff claims he requested protective

custody from Defendant Tomlin at the time of booking and from Defendant Bird at a later time. Plaintiff requested protective custody from Defendant Tomlin due to a sexual assault which occurred at a previous time he was incarcerated in the Benton County Jail. Plaintiff requested protective custody from Defendant Bird due to cerebral palsy.[1] The only injury Plaintiff claims to have suffered as a result of the alleged failure to protect was that his arm was injured to the extent it would shake and Plaintiff was unable to sleep. (Doc. 22, ¶ 6). Plaintiff states this injury was caused by Defendant Tomlin when Tomlin responded to some commotion by inmates on March 25, 2006. Plaintiff's claim of excessive force appears to be based upon this same incident with Defendant Tomlin.

Plaintiff's claim he was deprived of medical care also stems from this incident. Plaintiff claims he requested medical attention for his arm but was given none.

Plaintiff's claims he was subjected to unconstitutional policies or procedures while housed at the Benton County jail. These include the "safety of inmates" and "safety of disabled." Plaintiff indicates he expressed concern, requested lock-down or PC. Plaintiff states Benton County did not follow its own policies or procedures as he was a candidate for PC and was not afforded this status. (Doc. 22, ¶ 1).

**II. Discussion**

Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56 (c). The court views the evidence and the inferences which may be reasonably drawn from the evidence in the light most

---

[1] Plaintiff indicates he does not have cerebral palsy, but rather had a stroke around the time of his birth. (Doc. 22, ¶8). However, it appears from the record Plaintiff believed he had cerebral palsy at the time of his incarceration and thus it was the basis of his request.

favorable to the nonmoving party. *See Adkison v. G.D. Searle & Co.*, 971 F.2d 132, 134 (8th Cir.1992). The moving party has the burden of showing the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### A. Official Capacity Claims

Plaintiff has sued Defendants in their official and personal capacity. Plaintiff's official capacity claims are tantamount to suing Benton County. Official-capacity liability under 42 U.S.C. § 1983 occurs only when a constitutional injury is caused by "a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978). Because *Monell* specifically rejected liability based solely on *respondeat superior*, *id.* at 691, "[a] supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity." *White v. Holmes,* 21 F.3d 277, 280 (8th Cir.1994). Rather, official-capacity liability must be based on deliberate indifference or tacit authorization. *Id.*

Policy or custom official-capacity liability is imposed by 42 U.S.C. § 1983 only for "constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels." *Monell,* 436 U.S. at 690-91. The Eighth Circuit has upheld the grant of summary judgment because a plaintiff failed to plead that the defendant "had a policy or custom of false arrests or malicious prosecution." *Sanders v. Sears, Roebuck & Co.*, 984 F.3d 972, 976 (8th Cir. 1993).

Plaintiff states he is suing Defendants in both their official and individual capacities. Plaintiff claims policies were not followed, and he was injured as a result. In a constitutional claim

based on a policy a Plaintiff must prove the policy *caused* the constitutional deprivation. The *failure to follow* policies cannot logically subject the policy makers to liability. *See*, *Elder-Keep v. Aksamit*, 460 F.3d 979, 987 (8th Cir. 2006). Thus, Defendants' Motion for Summary Judgment regarding Plaintiff's official capacity claims should be **GRANTED**.

Additionally, Plaintiff appears to only be suing Defendant Petray to the extent he represents the interests of Benton County and/or the Benton County Jail. All other claims regarding Defendant Petray appear to be based on a respondeat-superior theory of liability. Therefore, all claims against Defendant Petray should be dismissed on Summary Judgment.

### B. Individual Capacity Claims

#### Failure to Protect

To prevail on his failure-to-protect claim, Plaintiff has to show deliberate indifference by proving that (1) an excessive risk to him was known or obvious to the defendants; and (2) the defendants recklessly disregarded that risk. *See Jackson v. Everett,* 140 F.3d 1149, 1151-52 (8th Cir. 1998). A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Id.*

The Eighth Circuit has consistently held prison officials are not deliberately indifferent to inmate safety when the inmate only articulated a general fear for safety. *See, e.g., Robinson v. Cavanaugh*, 20 F.3d 892, 895 (8th Cir. 1994).

In this case, Plaintiff alleges he expressed concern regarding his ability to defend himself and remain safely in PC. Clearly, this is the sort of generalized fear of safety Courts have held does not

create deliberate indifference. Moreover, Plaintiff alleges his injury occurred when Sgt. Tomlin straightened out his arm. Plaintiff alleges no harm from any other inmates. Thus, there is no connection between any failure by the Defendants to protect Plaintiff and any injury he may have suffered. Summary Judgment should be granted on Plaintiff's failure to protect claims.

<u>Excessive Force</u>

As to Plaintiff's claim of excessive force, he states he was hit in the head by Defendant Tomlin, who also straightened out his arm. Plaintiff states he was not swinging a mat or engaging in aggressive behavior, rather he was chanting along with other inmates. Plaintiff also alleges he was not told to be quiet or given other orders. Plaintiff further stated he is on medication and seeing a doctor for treatment of his arm.

Defendants argue Plaintiff was subjected to the force necessary to carry out a legitimate jail objective and was reasonable and necessary in light of the circumstances. An incident report states the Plaintiff was disciplined to lockdown for concealing materials from jail staff. As Plaintiff was being escorted to pod control, Plaintiff was swinging his mat and bedroll around. He was told to quit swinging his arms. Plaintiff did not comply and was placed on the floor and handcuffed. (Doc. 20, Ex. 5).

Clearly, there exists a genuine issue of fact as to the reasonableness of the force used by Defendant Tomlin. Accepting Plaintiff's facts as true, as we must at the summary judgment phase, Plaintiff was acting in a boisterous manner and was hit in the head and had his arm straightened out without being given any orders or opportunity to comply with the officers. Defendants' Motion for Summary Judgment regarding Plaintiff's claims of excessive force against Defendant Tomlin should be denied.

Denial of Medical Care

Plaintiff also claims he was not given any medical care for his arm pain after force was used against him. There is nothing in the record before the Court to suggest Plaintiff was given any medical care for his arm. He indicates he is currently seeing a doctor and is taking medication for his arm pain. Plaintiff's denial of medical care claims regarding his arm pain should not be dismissed on summary judgment. It appears these claims would lie against Nurse Bird and Defendant Tomlin.

However, Plaintiff also appears to claim a denial of medical care for not being taken to the North West Medical Center for a follow-up on May 27, 2006. It is clear Plaintiff was incarcerated with the Springdale Police Department at the time of this follow-up. Clearly there is no claim for denial of medical care for missing that appointment against the Defendants in this case. However, due to Plaintiff's allegations he did not receive needed medical care after the incident with Defendant Tomlin, Summary Judgment should be denied as to Plaintiff's claims of denial of medical care.

**III. Conclusion**

For the reasons stated above, it is my recommendation that Defendant's Motion for Summary Judgment (Doc. 18) be **GRANTED** in part and **DENIED** in part. Defendant's Motion should be granted as to all claims against Defendant Petray. Defendant's Motion should be granted as to all official capacity claims. The Motion should be granted as to all claims for failure to protect. The Motion should be denied as to Plaintiff's claims against Defendant Tomlin for excessive force and denied as to Plaintiff's claims against Defendants Tomlin and Bird for denial of medical care.

**The parties have ten (10) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections**

**may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

  **IT IS SO ORDERED** this **12th day of February 2009.**

              */s/ J. Marschewski*
               HON. JAMES R. MARSCHEWSKI
               UNITED STATES MAGISTRATE JUDGE